NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN RENE MOORE,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>MICHELLE ROSENBLATT, as an individual and in her official capacity as Judge of the Los Angeles Superior Court; et al.,<br><br>　　　　　Defendants-Appellees. | No.　17-55708<br><br>D.C. No. 2:15-cv-08021-ODW-GJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted January 15, 2019[**]

Before:　　TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Ivan Rene Moore appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging a conspiracy to deprive him of his

constitutional rights.　We have jurisdiction under 28 U.S.C. § 1291.　We review de

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

novo a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018). We affirm.

The district court properly dismissed Moore's federal claims for damages against the judicial and clerk defendants on the basis of judicial and quasi-judicial immunity. *See Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002) (absolute quasi-judicial immunity extends to "court clerks and other non-judicial officers for purely administrative acts"); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to the determination of whether an act is judicial in nature and subject to absolute judicial immunity); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (absolute judicial immunity applies to judicial acts even when a judge's conduct "was in error, was done maliciously, or was in excess of his authority . . . ."). We reject as unsupported by the record Moore's contention that he alleged non-judicial conduct and sought injunctive relief that would not be covered by judicial immunity.

The district court did not abuse its discretion by denying Moore further leave to amend after concluding that amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

We reject as meritless Moore's contention that the district court erred by dismissing his claims without allowing early discovery from defendants.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Moore's requests for oral argument, set forth in his opening and reply briefs, are denied.

This case remains administratively closed as to appellee Kimberly Martin Braggs. *See* Docket Entry Nos. 6, 34. We therefore do not reach Moore's contentions regarding dismissal of his claims against Braggs.

**AFFIRMED.**